UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
SCOTT A. WILSON,                   )
                                   )
    Plaintiff,                     )
                                   )
    v.                             )    C.A. No. 15-101 S
                                   )
UTC LABORATORIES, L.L.C., d/b/a    )
RENAISSANCE RX; SYNTACTX LLC,      )
                                   )
    Defendants.                    )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

I. Introduction

    Before the Court are Motions for Summary Judgment filed by Defendant Syntactx, LLC (ECF No. 20) and Defendant UTC Laboratories, L.L.C., d/b/a Renaissance RX ("Renaissance") (ECF No. 23). These motions were referred to Magistrate Judge Lincoln D. Almond for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Almond recommends that the Court grant Defendant Syntactx LLC's Motion for Summary Judgment. (R&R, ECF No. 50.) Plaintiff was required to file any objection to that recommendation within fourteen days. (Id. at 14 (citing DRI LR Cv 72).) Having heard no objection from Plaintiff, that portion of Magistrate Judge Almond's recommendation (ECF No. 50) is ACCEPTED, and Defendant Syntactx LLC's Motion for Summary

Judgment (ECF No. 20) is GRANTED. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

That leaves Defendant Renaissance's Motion for Summary Judgment (ECF No. 23). Magistrate Judge Almond recommends that the Court grant Renaissance's Motion with respect to Counts I, II, III, and V, but denied with respect to Count IV. Once again, having heard no objection from Plaintiff, Magistrate Judge Almond's recommendation is ACCEPTED, and Defendant Renaissance's Motion for Summary Judgment (ECF No. 23) is GRANTED with respect to Counts I, II, III, and V. However, because Defendant Renaissance objects to Magistrate Judge Almond's recommendation that summary judgment be denied with respect to Count IV (Renaissance Obj. to R&R, ECF No. 53), the Court reviews that issue de novo. 28 U.S.C. § 636(b)(1).

II. Count IV

Renaissance is a medical research company that was involved in a series of clinical-research trials collectively known as the "Diagnosing Adverse Drug Reactions" ("DART") study. (Compl. ¶¶ 26-29, ECF No. 1-1.) Plaintiff Dr. Scott Wilson agreed to participate in the DART study. However, Plaintiff claims that he agreed only to act as a "Sub-Investigator" and specifically rejected Renaissance's request that he act as a "Regional Principal Investigator" ("RPI"). (Id. ¶¶ 38-42, 58-60.) According to the Complaint, despite Plaintiff's refusal to act

as an RPI, Renaissance listed Plaintiff as an RPI and held him out as responsible for the oversight of various sites that were participating in the DART Study. (Id. ¶¶ 58-60.) Under Count IV, Plaintiff alleges that Renaissance, in holding Plaintiff out as an RPI, misappropriated his name and credentials in violation of R.I. Gen. Laws Ann. § 9-1-28.1(a)(2). (Id. ¶¶ 78-84.)[1]

In its Objection to the Report and Recommendation, Renaissance provides two arguments for why summary judgment should be granted in its favor as to Count IV. Renaissance first argues that Plaintiff failed to provide sufficient evidence of damages. Problematically, however, Renaissance did not raise this issue before Magistrate Judge Almond. (See Renaissance's Mem. in Support of Mot. for Summ. J. 12-14, ECF No. 23-1; Renaissance's Suppl. Mem. in Support of Mot. for Summ. J. 7-8, ECF No. 49.) As was noted in the Report and Recommendation, Renaissance's argument for summary judgment on Count IV was based "solely on its position that Plaintiff agreed or consented to act as an RPI." (R&R 12, ECF No. 50.) The issue of whether Plaintiff has provided sufficient evidence as to damages is therefore waived for the purposes of Renaissance's Motion for

---

[1] The Complaint, under Count IV, did not cite a specific subsection of R.I. Gen. Laws § 9-1-28.1. (See Compl. ¶ 83, ECF No. 1-1.) Plaintiff has since made clear that Count IV is brought pursuant to subsection (a)(2). (See Pl.'s Mem. in Opp. to Obj. to R&R 5, ECF No. 55.)

3

Summary Judgment. See Curet-Velazquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987).

What remains of Renaissance's Objection is its assertion that Plaintiff consented to act as an RPI. As evidence for this claim, Renaissance asks that the Court focus its attention on the "Investigator Site Questionnaire" provided by Syntactx LLC. (See Syntactx LLC's Statement of Material Facts not in Dispute ("Syntactx LLC's SUMF") Ex. A, Investigator Site Questionnaire ("Questionnaire"), ECF No. 21-1.) According to Renaissance, that document was "electronically signed" by Plaintiff and provided Renaissance permission to list Plaintiff as an RPI. (Renaissance's Statement of Material Facts not in Dispute ¶ 5, ECF No. 24.)

Notably, however, the Questionnaire only has Plaintiff's typed name (not a written signature), and Plaintiff claims to have "no recollection of completion, review or return" of the Questionnaire. (Pl.'s Statement of Disputed Facts ¶ 5, ECF No. 34.) Moreover, the Questionnaire is directly contradicted by another piece of evidence - the "Clinical Trial Agreement" - which specifically labels Plaintiff as a "Principal Investigator," not an RPI. (See Syntactx LLC's SUMF Ex. E, Clinical Trial Agreement ("Agreement"), ECF No. 21-5.) That Agreement is dated January 31, 2014, just ten days after

4

Plaintiff allegedly "electronically signed" the Questionnaire, and the Agreement, unlike the Questionnaire, bears the written signatures of both Plaintiff and Renaissance's Chief Operating Officer. (See id. at 7.) Under these circumstances, the Court agrees with Magistrate Judge Almond that "there is a genuine issue of material fact as to whether or not [Plaintiff] ever knowingly consented or agreed to serve" as an RPI. (R&R 12, ECF No. 50.)

III. Conclusion

Magistrate Judge Almond's Report and Recommendation (ECF No. 50) is ACCEPTED. Defendant Syntactx LLC's Motion for Summary Judgment (ECF No. 20) is GRANTED, and Defendant Renaissance's Motion for Summary Judgment (ECF No. 23) is GRANTED with respect to Counts I, II, III, and V, but DENIED with respect to Count IV.

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date: June 6, 2017