UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCOTT A. WILSON, M.D.           :
                                :
        v.                      :    C.A. No. 15-101-WES
                                :
UTC LABORATORIES, LLC,          :
et al.                          :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before the Court is the Second Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56 by Defendant UTC Laboratories, LLC d/b/a Renaissance RX ("Renaissance RX"). (ECF Doc. No. 60). Plaintiff Dr. Scott Wilson filed an Objection. (ECF Doc. No. 65). This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). After reviewing the Memoranda submitted and relevant case law, I recommend that Renaissance RX's Second Motion for Summary Judgment (ECF Doc. No. 60) be GRANTED.

**Background**

Chief Judge William E. Smith previously dismissed Syntactx LLC as a Defendant in this case and narrowed the remaining claims to a single Count (Count IV) against Renaissance RX. This Motion focuses solely on whether there is a trialworthy issue concerning Plaintiff's allegation that Renaissance RX violated R.I. Gen. Laws § 9-1-28.1(a)(2). Specifically, Renaissance RX now sets forth a legal argument that Count IV fails because Plaintiff has not presented the Court any evidence of "injury."

In its Report and Recommendation on the First Motion for Summary Judgment, this Court noted that Renaissance RX based its argument regarding Count IV "solely on its position that Plaintiff agreed or consented to act as an RPI." (ECF Doc. No. 50 at p. 12). Because Renaissance RX did not argue the damages issue, the Court considered only the question of whether Dr. Wilson consented to serve as an RPI. Finding an issue of fact that precluded entry of judgment, I recommended denial of the Motion for Summary Judgment as to Count IV and Renaissance RX objected. In its Objection before Chief Judge Smith, Renaissance RX argued that Count IV should be dismissed because Plaintiff had not presented evidence of damages. Chief Judge Smith declined to consider their argument because it was not presented to me in the first instance. Following Chief Judge Smith's Memorandum and Order, Renaissance RX moved for Leave to File this Second Motion for Summary Judgment which was granted by Chief Judge William E. Smith.

**Facts**

In connection with this Motion, Renaissance RX submitted its Statement of Undisputed Facts, as required by Local Rule. The facts underlying the claims in this matter were fully set forth in connection with the First Summary Judgment Motion. Therefore, the facts submitted by Renaissance RX primarily restate those that were presented in the First Motion for Summary Judgment and rely on affidavits of Brandy Sheely and Kenneth Ouriel, which were submitted to the Court previously. (See ECF Doc. Nos. 22, 24). Rather than rehashing the facts set forth in my previous Report and Recommendation (ECF Doc. No. 50), the Court will narrow in on the facts with respect to Plaintiff's allegations of injury concerning Count IV.

In its Statement of Facts, Renaissance RX submits that Plaintiff's Responses to Requests for Admission admit he has not been sued as result of the conduct of Renaissance RX (ECF Doc. No. 60-2 at ¶ 22), has not had a judgment rendered against him due to Renaissance RX's conduct, Id. ¶ 23, has not sustained damages as a result of an individual reporting a HIPAA violation, Id. ¶ 25, and that his medical license is in good standing. Id. ¶ 24.

Plaintiff's Statement of Disputed facts, submitted as required by Local Rule, relies extensively on his Second Declaration for the proposition that the damages he sustained in connection with the violation of R.I. Gen. Laws § 9-1-28.1(a)(2) included the cost of retaining attorneys to assist him while UTC/Syntactx were investigated by "investigators working for the Department of Justice," and that he was "not in a position to accept the compensation due pursuant to the Trial and/or Investigator Agreements and therefore lost said profits," and that he lost profits when he decided to convey his interest in Partners in Clinical Research. (ECF Doc. No. 66 at p. 3, citing ECF Doc. No. 40 at ¶¶ 52-58).

**Summary Judgment Standard**

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support

the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

Renaissance RX makes two arguments in its Second Summary Judgment Motion. First, it argues that this Court's "prior ruling as to the lack of any damages alone requires dismissal [of

Count IV]." Second, Renaissance RX argues that Count IV fails on the merits because Plaintiff has not presented any evidence of injury.

The Court can quickly dispatch Renaissance RX's argument that the Report and Recommendation made a damages finding that applies to Count IV. Renaissance RX argues that the Court's damages finding in the Report and Recommendation "was in no way limited to the contract claim" and applied "regardless of the claim asserted." (ECF Doc. No. 60-1 at pp. 7-8). This is not accurate. The finding was made in the context of the claims presented by Plaintiff and the arguments made in favor of judgment by Renaissance RX. Renaissance RX did not make an argument that the evidence of damages was insufficient as to Count IV, and thus the Court did not consider that issue. This very point was reinforced in Chief Judge Smith's Memorandum and Order. (ECF Doc. No. 56 at p. 3). The mandate of the Federal Rules is the "just, speedy and inexpensive determination of every action and proceeding…" and if this issue was already determined as Renaissance RX suggests, the filing of this Second Summary Judgment Motion would have been unnecessary. Accordingly, the Court will turn to the substance of the Motion – whether, despite the prior finding of genuine issues of fact on Count IV, the lack of competent evidence of damages requires the entry of judgment against Plaintiff on Count IV.

As previously noted, in order to prevail on his claim under R.I. Gen. Laws § 9-1-28.1(a)(2), a Plaintiff must show "(1) an appropriation without permission, (2) that benefits someone other than him; and (3) injury." In his Complaint, Plaintiff alleges that Defendants used his "name and credentials, his Business, his personal information, documents and property in connection with the DART Study without permission from Dr. Wilson and notwithstanding his refusal to enter into the Proposed Consulting Agreement." (ECF Doc. No. 1-1 at p. 13). Plaintiff pleads that he "agreed

to serve as the SI [sub-investigator] for the Partners Sites with respect to the DART study" (ECF Doc. No. 1-1 at p. 5), but that he "rejected the offer" to become an RPI. Id. Nevertheless, he claims that he was "listed on DART Study publications and materials as an RPI" from approximately January through September 2014. Id. at p. 9.

Summary judgment is appropriate where a plaintiff has not offered admissible evidence sufficient to establish the existence of every essential element to his case on which he bears the ultimate burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986) ("If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record.") Having now reviewed the additional submissions by both parties concerning Count IV, Plaintiff has simply not met his burden of identifying non-speculative damages concerning Count IV. Instead, Plaintiff's claimed damages suffer from the same deficiencies previously identified by the Court with respect to Counts I and II, i.e., all of his claimed damages are set forth in his Second Declaration which the Court previously found to be "entirely conclusory and devoid of citation to any competent evidence supporting his alleged damages." (ECF Doc. No. 50 at p. 8).[1] Therefore, having considered the evidence of damages in the context of Count IV, I recommend that the District Court find that Plaintiff's showing, through his Second Declaration, also fails to

---

[1] Plaintiff unsuccessfully attempts to sidestep that finding by arguing that he has been compelled to incur attorneys' fees as a result of Renaissance RX's misappropriation of his name, and such attorneys' fees are expressly recoverable under R.I. Gen. Laws § 9-1-28.1(b). First, Plaintiff's assertion in his Second Declaration that he was "compelled" to retain counsel as a result of Defendants' "improprieties" is conclusory, self-serving and unsupported by citation to any competent evidence of record. Second, Section 9-1-28.1(b) is not a substantive damages provision. It provides for the discretionary award of attorneys' fees and court costs to "the prevailing party," and applies only to the fees and costs incurred in connection with pursuing a claim under the right to privacy statute.

meet his burden under Fed. R. Civ. P. 56(e) as to Count IV. Accordingly, I recommend that Renaissance RX's Motion for Summary Judgment on Count IV be GRANTED.[2]

**Conclusion**

For these reasons, I recommend that the District Court GRANT Renaissance RX's Second Motion for Summary Judgment as to Count IV. In addition, I recommend that the District Court enter Final Judgment in favor of Defendants as to all claims in Plaintiff's Complaint. (ECF Doc. No. 60). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 14, 2017

---

[2] Renaissance RX moved for attorneys' fees under R.I. Gen. Laws § 9-1-28.1(b) and Plaintiff also moved for attorneys' fees in his Objection. The award of fees is discretionary and, in this case, not warranted by the record presented. Accordingly, I recommend the District Court decline to award attorneys' fees in this case.